Eminent domain; taking. — On July 26, 1973 the court entered the following order:
“This case is before the court on the pleadings, on defendant’s motion for judgment on the pleadings, and on plaintiffs’ cross-motion for summary judgment, the latter having-been made during oral argument. The suit is under the Fifth *1110 Amendment and 28 U.S.C. § 1491, seeking just compensation for property taken. The property consists of three vessels, called cabin barges, steel with wood upper works, inboard powered, 25 to 40 tons, located on Basswood Lake, Minnesota. For purposes of the present motions, we take notice of findings in prior litigation between the parties, Bydlon (and Pete) v. United States, 146 Ct. Cl. 764, 175 F. Supp. 891 (1959); United States v. 967.905 Acres of Land, etc. (claim of Jacob Pete and James Pete), 305 F. Supp. 83 (D. Minn. 1969), reversed 447 F. 2d 764 (8th Cir. 1971), cert. denied, 405 U.S. 974 (1972).
“Defendant has taken not only land of the present plaintiffs, but all other privately owned land, bordering on the lake, and has imposed restrictions on air and surface navigation on and over the lake, except canoe navigation, with a view to making it a purely wilderness area. Plaintiffs’ shore property, which has been taken, includes the dock, marine railway, etc. formerly used as a base for the vessels. Water exits from the lake are obstructed by rapids, not navigable for the vessels here involved. They are too large to be removed intact overland. According to the petition, removal by dismantling, (i.e. by blowtorch cutting) would be as expensive as the construction of new barges, and they would be unsafe after being reassembled. Obviously, defendant has wholly frustrated their further use and, inferentially, has destroyed their value completely.
“Defendant’s motion cannot be allowed, because, reading the petition in the light most favorable to petitioners, it does not plainly appear that they have no cause of action. United States v. Native Village of Unalakleet, 188 Ct. Cl. 1, 411 F. 2d 1255 (1969). Plaintiffs’ motion also fails because, even as supplemented by the fact findings relating to plaintiffs in the prior actions, the facts necessary to recovery on a dispositive motion are not made out completely.
“In course of trial or other appropriate disposition, it will be necessary to determine whether the lack of feasibility of dismantling the barges and removing them in dismantled form is due wholly to economic reasons, or, as alleged in the petition, to technical and physical reasons also. Furthermore, in light of defendant’s entire program for the development *1111 of the lake, it will be necessary to determine whether, as with the property in Southern Counties Gas Co. v. United States, 141 Ct. Cl. 28, 32, 157 F. Supp. 934, 936, cert. den. 358 U.S. 815 (1958) the loss of the use and value of the barges is only ‘an unintended incident of the taking of land.’ (emphasis supplied)
“In view of the foregoing, after 'briefing and oral argument, it is
“ordered, that defendant’s motion for judgment on the pleadings is denied, that plaintiffs’ motion for summary judgment is denied, and the cause is remanded to the trial division for further appropriate proceedings.”
BY THE COUNT
(Sgd) WILSON COWEN Chief Judge